His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
*265 Section 6 of Act 213 of 1912, commonly termed, “The Corrupt Practice Act,” provides in substance that one who becomes .a candidate at a primary election shall at the time of announcing his candidacy, file with the Parish Executive Committee a declaration wherein he shall set forth the names of the persons he has selected to receive, audit and disburse funds for promoting his candidacy, or the fact, if such it be, that he has made no such selection, but will directly assume and perform these duties or functions himself. It further provides that: “Failure to make such declaration * * * by any candidate shall operate as a refusal to accept such nomination.”
The Parish Executive Committee, respondent herein, ruled that relator had failed to make the declaration as required by the foregoing statute, and accordingly it certified to the Secretary of State, for the purpose of being printed upon the official ballot at the coming primary election, the names ef those persons only who had formally complied with its provisions. The relator seeks herein by mandamus to compel the Committee to include his name in the certificate to the Secretary of State in order that his candidacy for nomination may appear upon the ballot and be voted upon at said primary; and the trial Court having dismissed his application for the writ, he now appeals.
The view we take of the case renders it unnecessary to determine whether the relator has complied with the statute or has wholly failed to do so, for we are of the opinion that the Parish Executive Committee in refusing-to certify relator’s name to the Secretary of State on the ground of his failure, whether fanciful or real, to conform to its provisions,'has assumed.a faculty and usurped a function not vested in it under the law.
*266 It must in the first place be noted that the title of the Act of 1912, and the body of that statute, except in perhaps one or more isolated instances not pertinent here, do not undertake to define or modify the duty or authority of the Parish Executive Committee with respect to tne announcement and qualification of candidates or the conduct of elections for nomination at primary elections, the scope of that Committee’s functions in this regard being specifically defined and limited under the Primary Law itself, namely, Act 49 of 1906, and its amendments.
In the next place, while the Statute of 1912, visits particular penalties upon the offender for violating certain of its provisions, at the same time reserves to the Courts the power to abrogate the penalty and condone the offense, where the offender is not chargeable with bad faith or a deliberate, serious or material violation of the statute; and for illustration, Sections 13 and 41 m,ay be cited.
But apparently not content with this limited declaration, and in order to emphasize that the penalties prescribed in the act are not absolute, but that on the contrary a. discretion as to the imposition thereof is vested, not in the Committee but in the Courts, the Legislature, in Sections 38, 39 and 40, has covered and blanketed the entire question of the infliction of penalties by providing that the validity of a “nomination” must be tested, in so far at least as violations of the Act of 1912 are concerned, not by or before the Committee, but in the District Court, by a suit instituted after the primary election by 25 voters or by the defeated candidate, and that in such a proceeding the right to a nomination shall not be denied if it be shown, (apparently notwithstanding any holding of the Parish Executive 'Committee or other *267 body to the contrary) that “the act or omission of .any candidate arose from .accidental miscalculation or from other reasonable cause of like nature, and in any case did not arise from any lack of good faith, and under the circumstances it seems to the Court to be unjust that the candidate should forfeit the nomination.’’
And referring specifically to Section 6 of the statute which is herein directly involved, it will be seen that the legislative intention to vest the power and discretion in the Courts and not in the Committee, with respect to violations of its provisions, is expressly and unequivocally declared in the penal clause of that section, for it provides not that a failure to make the declaration in question shall forfeit the right to become a candidate (a matter perhaps within the jurisdiction of the Committee under the Primary Law), but that on the contrary it shall merely constitute a refusal to .accept a “nomination,” which phrase is necessarily predicated upon the assumption of the offending candidate’s success at the polls, whose right to the “nomination” can be assailed perhaps in the Courts .alone, but certainly cannot be abridged or .affected by any action or ruling of the Committee in advance of his actual nomination.
Entertaining these views we encounter no difficulty in holding that the power and authority of determining, in advance of the primary election, whether or not the failure on the part of a candidate or prospective candidate to observe the provisions of Section 6 of Act 213 of 1912, shall operate as a refusal to accept a “nomination,” is not vested in a Parish Executive Committee.
The judgment herein is annulled and reversed and it is now decreed that there be judgment in favor of relator herein o’rdering and commanding the respondents here *268 in to print and canse to be printed the name of relator upon all ballots to be used and cast at the primary election to be held in the Parish of St. John the Baptist on January 25th, 1916, as a candidate of the Democratic Party for the nomination to the office of Justice of the Peace, Ward 4, of said Parish, and to certify relator's name as such candidate to the Secretary of State of Louisiana; and it is further. decreed that respondents pay the costs of both Courts.
Opinion and decree, December 22nd, 1915.